UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
PADUCAH DIVISION
CASE NO. 5:12-CV-00188

DALE HOLZWORTH                                                                 PLAINTIFF

v.

MARK SMITH, *et al.*                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a motion for summary judgment by Defendant Mark Smith Farms, LLC. (Def.'s Mot., Docket Number ("DN") 22.) The Plaintiff responded. (Pl.'s Resp., DN 23.) The Defendant did not reply, and the time to do so has now passed. This matter is ripe for adjudication. For the following reasons, the Defendant's motion is **GRANTED**.

**I.**

Plaintiff Dale Holzworth ("Holzworth") brings suit to recover for injuries he allegedly sustained while deer hunting in Crittenden County, Kentucky during December of 2011. Holzworth filed suit against a number of Defendants. Of particular importance for resolution of the current motion, Holzworth brought suit against Mark Smith and Mark Smith Farms, LLC ("MSF"). MSF now seeks summary judgment based on a case of mistaken identity. Because evidence in the record shows that MSF does not own, operate, or otherwise have any connection with Mark Smith, the events leading to, or properties involved in this action, the Court finds that summary judgment is appropriate.

**II.**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

1

R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), *abrogated on other grounds by Lewis v. Humbolt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012).

Finally, while the substantive law of Kentucky is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993) *abrogated on other grounds in Hertz Corp. v.*

*Friend*, 130 S. Ct. 1181 (2010).[1]

### III.

Defendant Mark Smith resides at 104 Houser Road, Benton, Kentucky 42025. (*See* Mark Smith's Answers to Interrogs., DN 22-3, p. 3.) He is "not now and never has been a member, organizer or manager of Mark Smith Farms, LLC." (*Id.* at p. 4.) Furthermore, he "did not and does not have any partnership, contract or otherwise involvement with Mark Smith Farms, LLC relating to ownership, control, or offer of any guide services over the property in Crittenden County, Kentucky where [Holzworth] was allegedly injured." (*Id.*)

Mark Smith Farms, LLC ("MSF") is located at 6971 Oak Level Road, Benton, Kentucky 42025. (*See* Marky Smith Aff., DN 22-4, ¶ 1.) MSF was formed by an individual named Marky Smith, who is not a named defendant in this action. (*Id.*) Marky Smith is the sole member comprising the ownership and control of MSF. (*Id.* ¶ 3; Article of Organization, DN 22-1.) MSF "has never been involved in any type of guide or hunting services or any other type of business in Crittenden County, Kentucky." (Marky Smith Aff., DN 22-4, ¶ 3.) Neither MSF nor Marky Smith has ever "been involved in any type of business arrangement with Mark Smith." (*Id.* ¶ 4.)

Based on the foregoing, the Court finds that there can be no genuine dispute that MSF is any way associated with Defendant Mark Smith, owned property in Crittenden County, or was otherwise involved in any hunting services or any other type of business in that county that may have led to Holzworth's injuries. The record clearly reflects that a non-party, Marky Smith, owns and operates MSF for agricultural purposes. (*Id.* ¶ 2.) Based on the record, there can be no

---

[1] The Court notes that in his response to MSF's motion for summary judgment, Holzworth has cited to and relied on Kentucky's procedural standard for summary judgment. (*See* Pl.'s Resp., DN 23, p. 2.) When sitting in diversity, the Court applies Kentucky's substantive law but not its procedural rules. The Court follows the procedural standard set forth in Federal Rule of Civil Procedure 56 and applies it as interpreted and developed by the federal courts.

genuine dispute that MSF bears any responsibility for Holzworth's alleged injuries. This is clearly a situation in which Holzworth believed that Defendant Mark Smith and MSF were interrelated because of a similarity in names. As borne out by Mark Smith's answers to interrogatories and Marky Smith's affidavit, this was a mistaken belief, and there is clearly no association between Defendant Mark Smith and MSF. Because there is no association between the two, and because the record demonstrates that MSF has never owned property in or provided hunting services in Crittenden County, Kentucky, there can be no genuine dispute that MSF bears any responsibility for Holzworth's alleged injuries. Accordingly, MSF's motion for summary judgment must be granted.

Holzworth's objections to the grant of summary judgment are unavailing and have no evidentiary support. He objects to MSF's motion because it is based on "requests and responses between the Defendants, which were not cross-examined by the Plaintiff." (Pl.'s Resp., DN 23, p. 2.) He further asserts that "[g]enuine issues of material fact exist with regard to the involvement of Mark Smith and Mark Smith Farms, LLC." (*Id.* at p. 3.) And based on the nascent stage of the proceedings he requests that the Court deny MSF's motion and allow him an opportunity to cross-examine the Defendants concerning any their potential interrelation. (*Id.*) Despite his objections, Holzworth does not support his position with any evidence. "A party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or [by] showing that the materials cited do not establish the . . . presence of a genuine dispute[.]" Fed. R. Evid. 56(c)(1). Holzworth has failed to do either. The record is clear that MSF was in no way involved in the events leading to Holzworth's alleged injuries and did not own or otherwise operate the properties on which he was allegedly injured. Therefore, summary judgment for MSF is appropriate.

## CONCLUSION

Defendant Mark Smith Farms, LLC, moved for summary judgment against Plaintiff Dale Holzworth. For all of the foregoing reasons, the motion should be granted. Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment filed by Defendant Mark Smith Farms, LLC, is **GRANTED** and that the defendant is **DISMISSED** from this action. Each party shall bear their own costs.