UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-188-R

DALE HOLZWORTH,                                                                                  Plaintiff

v.

MARK SMITH and BONNIE TURNER,                                                  Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bonnie Turner's Motion for Summary Judgment. (Docket No. 37). Plaintiff Dale Holzworth has replied, (Docket No. 40), and Turner has responded, (Docket No. 42). These matters are now ripe for adjudication. For the following reasons, the Court will **GRANT** Defendant Turner's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Dale Holzworth ("Holzworth") brings suit to recover for injuries he allegedly sustained while deer hunting in Crittenden County, Kentucky. (Docket No. 1). Holzworth alleges that Defendant Mark Smith ("Smith") operated a hunting guide service called Bowhunt West Kentucky Outfitters. On December 18, 2011, Smith took Holzworth on a hunting trip on land owned by Defendant Bonnie Turner ("Turner"). Smith positioned Holzworth in a tree stand, which broke from the tree, causing Holzworth to fall more than fifteen feet to the ground and sustain various injuries. Holzworth alleges that: Defendants were negligent for not adequately maintaining, inspecting, and assembling the tree stand and the real property, and for not ensuring it was safe for the intended purpose; the Defendants acted in concert; and that hunting is an ultra-hazardous activity, mandating strict liability for Holzworth's injuries.

1

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Turner brings this motion for summary judgment. She owns land in Crittenden County upon which Holzworth fell from a tree stand. (Docket No. 37). Turner leased her farm to Phillip Van Hunt ("Van Hunt") on January 23, 2003, subject to a Farm Lease Agreement. *Id.* The Lease Agreement granted hunting rights to Van Hunt and to Turner's family, but also stated that "the lessee shall not assign this lease without the express written consent of the lessor." *Id.* Van

2

Hunt verbally assigned hunting rights to Smith, but Turner states that Van Hunt never informed Turner about this arrangement. (Docket No. 37-3). Turner states that she did not know that Smith placed deer stands on her property. or that he was operating a hunting business on her property. Both Smith and Van Hunt stated in their depositions that they did not tell Turner about their activities. (Docket No. 37-4; Docket No. 37-6.).

Turner argues that she is not liable to Holzworth for his injuries beacuse: 1) Holzworth was a trespasser on her property; 2) there is no evidence to support a "concert of action"; 3) deer hunting is not an ultra-hazardous activity necessitating strict liability.

### 1. Holzworth's status on Turner's property

Turner argues that Holzworth was a trespasser on her land, and thus, that she did not have any obligation to keep Holzworth safe while he was on her land. (Docket No. 37). She states that the lease with Van Hunt expressly prevented Van Hunt from assigning hunting rights without her consent. Thus, both Smith and Holzworth were on her land without Turner's permission.

In response, Holzworth argues that he was an invitee on Turner's land. (Docket No. 40). He argues that Turner had leased the property to Van Hunt to farm, and that in turn, "Van Hunt contracted with Defendant Smith to exchange hunting privileges for 'crowd control' to be performed by Defendant Smith. Defendant Smith contracted with the Plaintiff and took the plaintiff upon the subject property to hunt." *Id.* Further, Holzworth alleges that "[a]ll the time Defendant Turner frequently patrolled and inspected the subject property." *Id.* Holzworth argues that because he was an invitee, Defendant Turner was to "use ordinary care to have the premises in reasonably safe condition." *Id.*

3

KRS 381.232 states that "[t]he owner of real estate shall not be liable to any trespasser for injuries sustained by the trespasser on the real estate of the owner, except for injuries which are intentionally inflicted by the owner or someone acting for the owner." *Id.* A trespasser is defined as "any person who enters or goes upon the real estate of another without any right, lawful authority or invitation, either expressed or implied, but does not include persons who come within the scope of the 'attractive nuisance' doctrine." KRS 381.231.

The Court finds that Holzworth has not provided sufficient evidence that Turner frequently patrolled and inspected the property and was thus aware of the hunting activities. The relevant portion of Van Hunt's deposition states:

> "Q: You stated that you had observed Ms. Turner on the farm before; is this correct?
> A: Yes.
> Q: Checking meters at houses?
> A: Yes.
> . . .
> Q: How often have you seen her out on these farms?
> A: Sometimes I might go two months and not see her, and then I might see her a couple times in a month, you know."

(Docket No. 37-4). Additionally, Van Hunt clarified that Turner had a house trailer and a house on the property and "that's where [Van Hunt would] see [Turner]." *Id.* Both Smith and Van Hunt stated that they did not tell Turner about their arrangement. Smith stated that he had never spoken to Turner before this incident (Docket No. 37-6). Van Hunt stated that he did not think to refer Smith to Turner regarding hunting rights. (Docket No. 37-4).

Turner's potential liability depends on whether Holzworth is classified as a trespasser on the land or as an invitee. Because Turner's lease with Van Hunt expressly prohibited Van Hunt from assigning rights without Turner's permission, Van Hunt's agreement with Smith was unlawful. Thus, Smith was did not have the right or authority to invite Holzworth to hunt on Turner's land. Because Holzworth fits into the definition of a "trespasser," *see* KRS 381.231,

4

Turner was not obligated to use ordinary care to keep her land in reasonably safe condition. Thus, the Court will grant summary judgment for Turner on the negligence claim.

### 2. Hunting as an ultra-hazardous activity necessitating strict liability

In his Complaint, Holzworth argues that the Defendants are strictly liable for his injuries because deer hunting is an ultra-hazardous activity. According to the Section 520 of the Restatement Second, Torts, an activity is ultra-hazardous if it: "(1) necessarily involves a risk of serious harm to the person, land, or chattel of another which cannot be eliminated by the exercise of the utmost care; and (2) is not a matter of common usage." *See also Collins v. Liquid Transporters*, 262 S.W. 2d 382, 382 (Ky. 1953).

Turner argues that deer-hunting is not an ultra-hazardous activity, (Docket No. 37), and Holzworth did not respond to her argument, (Docket No. 40). It seems clear that hunting deer is a matter of common usage, thus the Court will not now hold that it constitutes an ultra-hazardous activity. Defendants are not strictly liable for Holzworth's injuries.

### 3. Concert of action

Finally, Holzworth alleges in his Complaint that the Defendants "acted in concert by participating and operating a hunting guide service . . . ." (Docket No. 1). Turner argues that Holzworth has not shown that she participated in a "concert of action," (Docket No. 37), and Holzworth did not respond, (Docket No. 40).

"For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct separately considered,

constitutes a breach of duty to the third person." *James v. Wilson*, 95 S.W.3d 875, 897 (Ky. App. 2002).

The Court finds that Holzworth has not provided sufficient facts to show that Turner acted in concert with Smith, knew of Smith's breach of duty and assisted or encouraged Smith, or gave Smith substantial assistance. *See id.* Thus, summary judgment is granted for the claim against Turner for a "concert of action."

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment, (Docket No. 37), is **GRANTED**.